BANKERS TRUST COMPANY, as Trustee, Plaintiff-Appellant, v. ST. CLAIR COUNTY ZONING BOARD OF APPEALS *et al.*, Defendants-Appellees.

Fifth District   No. 5—88—0087

Opinion filed April 30, 1990.

Daniel J. Hayes, of Belleville, for appellant.

John Baricevic, State's Attorney, of Belleville, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Bankers Trust Company, trustee under trust No. 22—2257, appeals from an order of the circuit court of St. Clair County affirming defendant St. Clair County Board's (Board's) denial of its special use permit for a planned unit development, a mobile home park. Plaintiff raises the issue of whether the decision of the circuit court was against the manifest weight of the evidence. This court affirms.

On February 23, 1987, plaintiff filed a petition for a zoning amendment and a petition for a special permit before the St. Clair

County Zoning Board of Appeals (Zoning Board) requesting a rezoning of property from agricultural to MH1 (mobile homes) and for a planned unit development (mobile home park). The Zoning Board recommended the zoning changes. However, the Board denied this request. Subsequently, plaintiff filed this action in the circuit court requesting that the Board's action be declared null and void.

On January 14, 1988, the circuit court entered an order denying plaintiff's request. The court stated:

> "After considering the testimony and exhibits as they apply to the law in this case, the Court finds that the opinions of both the plaintiff and the St. Clair County Board are reasonable and justifiable, and therefore it cannot be said that plaintiff has proved his case by clear and convincing evidence as required. Under such circumstances, the legislative determination of the county board is conclusive. This Court finds no need in this case to impinge upon the county's power to determine zoning classifications."

From that order, plaintiff appeals. Since plaintiff appeals only from the Board's denial of the zoning amendment, this court will refer only to defendant St. Clair County Board and its decision.

■■ ■ The issue before this court is whether the order of the circuit court was against the manifest weight of the evidence. It is well established that a "zoning ordinance is presumed valid, and a party attacking such an ordinance has the burden of overcoming this presumption with clear and convincing evidence that the ordinance, as applied to the property in question, is arbitrary and unreasonable, and has no substantial relation to the public health, safety, morals or welfare." (*Matloob v. Village of Cahokia* (1980), 84 Ill. App. 3d 319, 321, 405 N.E.2d 396, 398.) In *Matloob*, the court reiterated the factors to be considered in such a determination. These factors are:

(1) the existing uses and zoning of nearby property;

(2) the reduction in property value resulting from the zoning restriction complained of;

(3) the extent to which the lessened value of the site promotes the general health, safety and welfare of the public;

(4) the relative gain to the public as opposed to the hardship to the owner;

(5) the suitability of the property for its zoned purpose; and

(6) the length of time the property has remained vacant, as zoned, in the context of other land development in the area. See 84 Ill. App. 3d at 322, 405 N.E.2d at 398-99.

To address the issue, this court will summarize each party's posi-

tion for each factor. Regarding factor one, both parties agree that the areas surrounding the property are residential, agricultural and commercial, and have a mobile home park nearby.

For the second factor, plaintiff's expert stated that the highest and best use for the property is residential development including a mobile home park. Plaintiff's expert also stated that as the property exists, the maximum value is $2,000 per acre but, if rezoned as proposed, the property would be worth at least $5,000 per acre. Two of plaintiff's experts also stated that there was a high demand for mobile home-zoned property.

■■ The Board argues the testimony did not reveal that plaintiff will lose money from the property as zoned. The return that a party would receive from a different zoning classification does not establish hardship or injustice in the existing zoning classification. (*Doty v. City of Rockford* (1979), 73 Ill. App. 3d 255, 260, 391 N.E.2d 586, 590.) Furthermore, proof of a very large difference in value is in itself insufficient to overcome the presumption of validity in zoning ordinances. *Du Page Trust Co. v. County of Du Page* (1975), 31 Ill. App. 3d 993, 999, 335 N.E.2d 61, 65.

The third factor requires evaluation of whether the lessened value of the site or rather the proposed use of the site promotes the general health, safety and welfare of the public. Plaintiff argues that the court in *First National Bank v. Village of Skokie* (1967), 85 Ill. App. 2d 326, 229 N.E.2d 378, held that "while the school situation might be a factor to be considered * * *, it cannot be conclusive." (85 Ill. App. 2d at 339, 229 N.E.2d at 385.) The court added "that additional burdens on responsible governmental bodies may not properly justify otherwise unreasonable, arbitrary, and discriminatory restrictions on the use of private property." (85 Ill. App. 2d at 339, 229 N.E.2d at 385.) Quoting *La Salle National Bank v. Village of Skokie* (1962), 26 Ill. 2d 143, 146, 186 N.E.2d 46, 48, the court stated: "Because of urban concentration, coupled with the population explosion, practically every school district is beset with the problem of keeping facilities abreast of enrollment, regardless of whether it is developed as a single-family or multiple-dwelling community." (85 Ill. App. 2d at 339-40, 229 N.E.2d at 385.) The Board's experts stated that the local school could not physically accommodate the increase in students as a result of the zoning change.

Regarding the traffic consideration, plaintiff points out that the highway (Route 158) is under State jurisdiction and as such there is a sufficient tax base to make the necessary improvements and traffic control to handle the additional traffic. Plaintiff cites *La Salle Na-*

*tional Bank v. Village of Skokie* (1962), 26 Ill. 2d 143, 186 N.E.2d 46, in which the court stated:

> "While we have recognized traffic as a factor, it is not in itself entitled to too much weight since it is a problem in all but the most sheltered neighborhoods and is constantly getting worse." (26 Ill. 2d at 146, 186 N.E.2d at 48.)

Regarding the increased demand on the local police department, plaintiff argues that the argument for banning people from the county is not a reasonable restriction.

The Board points out that the proposed park will affect traffic density and the police department's capability to adequately handle the increased number of calls. The Board argues that such considerations are valid factors for it to consider in its desire to control the population density. (See *La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 430, 312 N.E.2d 625, 633.) Defendant also points out that the court in *Matloob* reiterated *La Salle* and added: "While this factor [the increased burden on city services] alone may not be conclusive, it tends to show that the zoning ordinance is not arbitrary and unreasonable." *Matloob*, 84 Ill. App. 3d at 323, 405 N.E.2d at 400.

The fourth factor requires a comparison of the relative gain to the public as opposed to the hardship to the owner. Plaintiff's expert stated that the value of the property per acre as agricultural ($2,000) is far less than as a mobile home park ($5,000). Regarding the relative gain to the public, plaintiff argues that the public would not realize any gain by leaving the area as farmland. Plaintiff argued that the mobile home park as proposed with restrictions would not have a detrimental effect upon the surrounding residential properties. The proposed mobile home park would require that the mobile homes be secured to a concrete pad and have a "skirt" around the bottom of the unit. The covenants in the proposed leases prohibit clutter and obligate each tenant to keep the area around the unit neat. Each unit in the park must have a gabled roof. No flat roofs are permitted. Each unit will be spaced farther apart to allow for better landscaping. The mobile home park will also have sidewalks, a swim pool, a recreation center, park and lake.

Plaintiff's expert stated further that mobile home parks do not affect the value of the surrounding properties. He relied on a study made in the San Jose, California, area and also relied on his personal experience because he, as a trustee, had owned lots near a mobile home park. When the lots were sold, no discount was given to those lots closer to the mobile home park.

The Board contends that the weight of the evidence does not support plaintiff's claim that the surrounding properties will not be affected. The Board states that the use by plaintiff's expert of the California study is spatially remote and not factually comparable.

The Board's expert stated that studies reveal those properties closest to a mobile home park are most affected. He had studied 130 homes in three other neighborhoods in the county, examining the price paid for those homes over the past 10 years. He concluded that the value of the residential properties closest to the mobile home parks increased at a slower rate than those residential properties farther away from the park.

The fifth factor concerns the suitability of the property for its zoned purpose. Plaintiff argues that the property is suitable for a mobile home park which has ample areas for a park, lake, pavilion, clubhouse and green areas at the borders. Plaintiff's expert witness, an engineer, stated that the property could be adequately drained. The Board argues that the property is good as agricultural land.

The sixth factor, the length of time the property has remained vacant as zoned, is not relevant because the property has been used for agricultural purposes.

In *Matloob*, the court also stated that there are intangible factors which must be reviewed. These factors include "the care with which the legislative body planned its land-use development and the community need for the use proposed by the property owner." (84 Ill. App. 3d at 322, 405 N.E.2d at 399.) The court pointed out, however, that the "primary importance is to be given to whether the land in question is zoned in conformity with surrounding existing uses." 84 Ill. App. 3d at 322, 405 N.E.2d at 399.

Plaintiff presented testimony that the zoning committee's approach has been hit-and-miss because it only grants 25 requests for individual mobile homes per year but not for a mobile home park. Plaintiff points out that the General Assembly has recognized the need for the development of mobile home parks with the passage of the Mobile Home and Mobile Home Park Act (Ill. Rev. Stat. 1985, ch. 111½, pars. 711 through 737).

Although the Board did not respond to the argument, the record reveals that defendant has acknowledged the need for development of mobile home parks. Testimony revealed that defendant did grant zoning changes not only for individual mobile home sites but also mobile home parks.

In *Matloob*, the court adequately addressed this court's duty when reviewing such cases. The court stated:

"The courts are strictly limited in their review of zoning cases, since they must carefully avoid impinging upon the municipality's power to determine zoning classifications. [Citations.] Thus, the plaintiff must establish that the zoning ordinance is arbitrary and unreasonable, not merely that the property could be zoned under a different classification or that the court would classify it differently. [Citation.] Similarly, it is not enough for plaintiff to show hardship, or that the desired use would not substantially impair public health, safety or welfare." *Matloob*, 84 Ill. App. 3d at 322, 405 N.E.2d at 399.

In this case, the Board has presented reasonable arguments in denying the zoning change as well as in exercising its authority to control location to best promote the welfare of the general public in the county.

■ Plaintiff has also presented reasonable arguments supporting its project and urging reversal of the zoning decision. Both have presented adequate evidence to justify these positions. In light of the record and each party's arguments, this court agrees with the trial court that the arguments on both sides are reasonable, and as such, "[i]n the event that the evidence accommodates a legitimate difference of opinion, the legislative judgment must prevail." *Du Page Trust Co. v. County of Du Page* (1975), 31 Ill. App. 3d 993, 999, 335 N.E.2d 61, 65.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

WELCH and RARICK, JJ., concur.