E.J. BACH *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF ST. CLAIR *et al.*, Defendants-Appellees.

Fifth District   No. 5—90—0485

Opinion filed August 5, 1991.

Thomas A. LeChien, of LeChien, LeChien & Associates, Ltd., of Belleville, for appellants.

No brief filed for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs, E.J. Bach, Andrew Thomure, Cyndy Johnston, and Greg Wise, appeal from a judgment of the circuit court of St. Clair County which (1) declared that chapter 42 of the St. Clair County Revised Code of Ordinances, as amended in 1988, was not invalid and (2)

denied plaintiff Thomure's claim that St. Clair County had effected a taking of his property without paying him just compensation. For the reasons which follow, we affirm in part and reverse in part.

Chapter 42 of the St. Clair County Revised Code of Ordinances, which governs zoning, contains detailed requirements for obtaining special use permits for the location of mobile homes within the county. Under section 42.06(b)(65) of chapter 42, as amended in 1988, a mobile home is defined as:

> "A structure designed for permanent habitation and so constructed as to permit its transport on wheels, temporarily or permanently attached to its frame or transported on flatbed or other trailers and/or the section(s) are built upon detachable running gears, such as undercarriages, springs, axles, wheels and/or hitches designed to permit their removal or remain attached at the location it is to be installed, and such structure is transportable from its place of construction or fabrication to the location, at which it is intended to be a permanent habitation and designed to permit the occupancy thereof as a dwelling place for one (1) or more persons. This definition shall include but not be limited to a fabricated and transported building unit designed to be used by itself or to be incorporated or joined with similar units at a building site for the purpose of making a dwelling place and does not [sic] comply with the BOCA National Building Code, 10th Edition, 1987, the National Electric Code, and the Illinois State Plumbing Code."

The plaintiffs in this case each own structures which constitute "mobile homes" under the foregoing definition. In 1988, plaintiff Thomure filed a petition with the St. Clair County Zoning Board of Appeals requesting a special use permit to allow him to place his mobile home on property which was not zoned for such structures. That petition was denied under authority of section 42.131(f) of chapter 42, which provides that all special permits issued for the location of a mobile home shall be conditioned on the mobile home having "a minimum width of the main body as assembled on the site of not less than 14', measured across the narrowest portion and meet[ing] the [United States Department of] Housing and Urban Development [HUD] Federal Code known as the National Manufactured Home Construction and Safety Standards." The record indicates that Thomure's mobile home is, in fact, only 12 feet wide and that it was manufactured prior to promulgation of the HUD standards.

Plaintiffs Wise and Johnston also own a mobile home which is only 12 feet wide and which predates the HUD standards. They, too,

were denied a special use permit under section 42.131(f) of chapter 42. Plaintiff Bach's situation is somewhat different. Her application for a special use permit was denied as well, but it was rejected solely because her home does not meet section 42.131(f)'s width requirement. Unlike the mobile homes owned by Thomure and Wise and Johnston, her mobile home is relatively new and it does comply with the HUD standards.

Following denial of their applications, plaintiffs Bach and Thomure filed separate actions in the circuit court of St. Clair County seeking a declaratory judgment that chapter 42 is illegal and void because, *inter alia*, the ordinance bears "no relation to the public health, safety, welfare or morals" and constitutes "an arbitrary and unreasonable exercise of legislative power." Plaintiff Thomure further contended that chapter 42 should be declared illegal and void because it violates the equal protection clause of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) and the Federal Fair Housing Act (42 U.S.C.A. §3601 *et seq.* (West 1991)). In addition, Thomure alleged that the denial of his petition for a special use permit under chapter 42 resulted in a "taking" of his property for which he was entitled to be "compensated for the length of time that he has barred [*sic*] from using his mobile home as a residence within St. Clair County."

Plaintiffs Wise and Johnston were allowed to join as plaintiffs in Bach's action, and that action was consolidated with the suit brought by Thomure. Following a hearing, the circuit court entered a judgment in these consolidated cases which declared that chapter 42, as amended, "bears a direct relationship to the public health, safety and welfare of the public, is not an unreasonable exercise of legislative power and is not violative of the constitutional rights of the people of St. Clair County."

Shortly thereafter, plaintiffs filed a post-trial motion attacking this judgment on the grounds that it addressed only plaintiffs' request for declaratory relief and failed to consider their claims for damages. Plaintiffs advanced this argument even though not all of the plaintiffs had actually asked for damages. As our discussion has indicated, the only request for monetary relief was contained in plaintiff Thomure's claim that he was subjected to an unconstitutional taking of his property without payment of just compensation. In any case, the circuit court subsequently modified its judgment to specify that it was denying the relief requested by all plaintiffs as to all counts. Plaintiffs now appeal.

In considering plaintiffs' appeal, we have been forced to proceed without the aid of a brief or argument from the county. Our supreme court has made clear that this court may not simply reverse the judgment of a trial court *pro forma* even where, as here, the party who prevailed in the trial court has not appeared or filed a brief as supreme court rules require. The theory behind this rule is that a "considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal." (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131, 345 N.E 2d 493, 494.) On the other hand, we are not obliged to serve as an advocate for the appellee or to search the record for the purpose of sustaining the judgment of the trial court, and if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record, the trial court's judgment may be reversed. (63 Ill. 2d at 133, 345 N.E.2d at 495.) In this case, the plaintiffs' brief fails to demonstrate such *prima facie* reversible error with respect to the claims of plaintiffs Thomure and Johnston and Wise.

■ These plaintiffs sought a declaratory judgment that chapter 42 is illegal and void because it bears "no relation to the public health, safety, welfare or morals and constitute [*sic*] and [*sic*] arbitrary and unreasonable exercise of legislative power." It is axiomatic that a zoning ordinance is presumed valid, and a party attacking such an ordinance has the burden of overcoming this presumption with clear and convincing evidence that the ordinance, as applied to the property in question, is arbitrary and unreasonable, and has no substantial relation to the public health, safety, morals, or welfare. (*Bankers Trust Co. v. St. Clair County Zoning Board of Appeals* (1990), 197 Ill. App. 3d 431, 433, 554 N.E.2d 744, 745.) Ordinances which are defective under this standard cannot stand because they offend the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) and section 2 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, §2). See *City of Chicago v. Vokes* (1963), 28 Ill. 2d 475, 478-79, 193 N.E.2d 40, 43-44, *appeal dismissed* (1964), 377 U.S. 124, 12 L. Ed. 2d 174, 84 S. Ct. 1141.

■ The record before us shows that plaintiffs Thomure and Wise and Johnston plainly failed to meet their burden of establishing that the St. Clair County ordinance was unconstitutional. As previously indicated, these plaintiffs were denied special use permits under section 42.131(f) of chapter 42, which specifies that special use permits will only be granted for mobile homes which are at least 14 feet wide and which meet certain standards promulgated by the Department of

Housing and Urban Development. Plaintiffs did not dispute that it was permissible for the county to require mobile homes to comply with these HUD standards. Their contention, instead, was that the ordinance should be declared invalid because there is no rational basis for distinguishing their narrower mobile homes from mobile homes which are 14 feet wide or wider.

As shall be discussed more fully later, there is considerable merit to this claim. However, the 14-foot requirement is of no practical consequence to these particular plaintiffs. Even if their mobile homes were the proper width, they would still not be eligible for a special use permit because they were not shown to meet the standards required by HUD. Those standards did not go into effect until 1976. However, Thomure's mobile home is a 1973 model and the mobile home occupied by Wise and Johnston is a 1972 model.

The ability of these plaintiffs to locate their mobile homes in the county would thus be unchanged regardless of the validity or invalidity of the 14-foot requirement. Accordingly, resolution of whether the 14-foot requirement is valid will not aid in the termination of any part of the controversy between them and the county. This is fatal to their claim for declaratory relief, for in order for a party to obtain such relief, "[t]here must be an actual controversy and the party seeking relief must possess a personal claim, status or right which is capable of being affected." *Cottage-63rd Street Currency Exchange v. Callahan* (1982), 104 Ill. App. 3d 586, 589, 432 N.E.2d 1258, 1260; see also *Township High School District 203 v. Village of Northfield* (1989), 184 Ill. App. 3d 367, 371-72, 540 N.E.2d 365, 368-69 (where party's position would be unchanged regardless of validity or invalidity or challenged zoning ordinance, party lacks standing to seek declaratory judgment that ordinance is invalid).

■ For the same reasons, we must reject the additional claim by these plaintiffs that chapter 42 is arbitrary and unreasonable because it imposes more stringent requirements on mobile homes which comply with the HUD standards than it does on mobile homes which satisfy the standards set forth in the BOCA National Building Code. The specific disparate treatment of which plaintiffs complain is that homes which comply with the HUD standards are forced to obtain special use permits, whereas homes which comply with BOCA National Building Code standards are, by definition, not mobile homes at all and are therefore exempt from any special use permit requirement.

The problem with this argument, as with plaintiffs' challenge to the 14-foot requirement, is that while there seems to be no question that the mobile homes owned by plaintiffs Thomure and Wise and

Johnston do not meet the BOCA standards, there is no evidence that they meet the HUD standards either. Accordingly, even if we were to conclude that mobile homes which comply with the HUD standards should be treated the same as those which satisfy the BOCA code, these plaintiffs would be completely unaffected. As to them, the issue is entirely academic. Under the authority previously cited, plaintiffs Thomure and Johnston and Wise therefore have no standing to obtain a declaratory judgment regarding this matter.

■ Finally, plaintiffs Thomure and Wise and Johnston complain of that portion of section 42.131 of chapter 42 which provides that "[s]ection 42.97 thru [*sic*] 42.97.5 of this Code shall apply with respect to the advisory report issued on all special permits relating to mobile homes." Plaintiffs object to this provision because sections 42.97 through 42.97.5 do not exist. They were never enacted. The record shows, however, that this particular sentence in the ordinance has also been ignored by the county. It is mere surplusage. Its presence in the ordinance has had absolutely no impact on plaintiffs, and they do not contend otherwise. Plaintiffs cite no authority which suggests that the presence of unnecessary language such as this in a statute provides any grounds for declaring the statute invalid.

■ For the foregoing reasons, the circuit court correctly determined that chapter 42 is not invalid as applied to plaintiffs Thomure and Wise and Johnston. The circuit court was likewise correct in rejecting Thomure's separate claim that chapter 42, as amended in 1988, violates the equal protection clause of the fourteenth amendment (U.S. Const., amend. XIV). As with his previous claims, Thomure's equal protection argument is founded on the proposition that chapter 42 is arbitrary and unreasonable to the extent that it differentiates (1) between mobile homes which are at least 14 feet wide and those which are less than 14 feet wide and (2) between mobile homes which meet the BOCA standards and those which merely meet the HUD standards. As we have previously indicated, however, Thomure's mobile home does not even meet the HUD standards, and he does not dispute that the county is fully entitled to make compliance with those standards a precondition to placement of a mobile home on property which was not previously zoned for mobile homes. Indeed, he asserts that those standards should be controlling to the exclusion of all others. Thomure would therefore not be entitled to place the home on his property even if chapter 42 did not make the distinctions of which he complains. Under these circumstances, we fail to see how Thomure himself can argue that the ordinance is unconstitutional for imposing these requirements. See *United States v. Raines* (1960), 362

U.S. 17, 21, 4 L. Ed. 2d 524, 529, 80 S. Ct. 519, 522 ("one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or situations in which its application might be unconstitutional").

■ There is likewise no merit to Thomure's claim that chapter 42 violates the Federal Fair Housing Act (42 U.S.C.A. §3601 *et seq.* (West 1991)). That act prohibits various forms of discrimination related to housing, real estate transactions, and brokerage services based on "race, color, religion, sex, familial status, or national origin." (42 U.S.C.A. §§3604, 3605, 3606 (West 1991).) Thomure, however, adduced no evidence that chapter 42 had the intent or effect of discriminating against any of these specified groups here.

■ Thomure also failed to establish that the denial of his application for a special use permit resulted in a taking of his property for which he is entitled to but has not received just compensation. Thomure's argument on this point is somewhat unclear. In his brief on appeal, however, he seems to contend that the only feasible use for the lot he owns in St. Clair County is as a site for his mobile home, but the 14-foot-width requirement imposed by section 42.131(f) precludes him from placing his mobile home there. As a result, he reasons, the application of section 42.131(f) to him has deprived him of the "essential use" of his property, for which he is entitled to compensation. As we have repeatedly noted, however, Thomure would not be permitted to place the mobile home on his lot even if it did meet the 14-foot requirement, for there is no evidence that it meets section 42.131(f)'s other requirement, namely, compliance with the HUD standards.

■ ■ While we affirm the circuit court's judgment as to plaintiffs Thomure and Wise and Johnston, we must reverse as to plaintiff Bach. Unlike the other plaintiffs, Bach's mobile home did comport with the HUD guidelines, and there is no dispute that the only reason that she was denied a special use permit was that her mobile home did not meet the width requirement of section 42.131(f). At trial, the director of land development for St. Clair County admitted that there was no rational basis for the distinction drawn by the ordinance between mobile homes which were at least 14 feet wide and those which were less than 14 feet wide. That portion of the ordinance should therefore have been declared null and void as to plaintiff Bach. We should note, however, that the invalidity of that one section does not mandate invalidation of all of chapter 42. The invalidity of one part of a statute does not affect the validity of the remainder unless it is

clear that the legislature would not have enacted the law without the invalid portion. (*People v. Farmer* (1986), 148 Ill. App. 3d 723, 726, 499 N.E.2d 710, 712.) In this case, there is nothing to suggest that the St. Clair County Board would not have enacted the remaining restrictions on mobile homes if it could not have included the 14-foot requirement.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed as to the claims of Thomure and Wise and Johnston. It is reversed as to Bach. Pursuant to our authority under Supreme Court Rule 366 (134 Ill. 2d R. 366), we hereby declare the 14-foot-width requirement of section 42.131(f) of chapter 42 of the St. Clair County Revised Code of Ordinances to be null and void under the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) and section 2 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, §2).

Affirmed in part; reversed in part.

RARICK, P.J., and WELCH, J., concur.