DOWARD E. GREENE, Plaintiff-Appellant, *v.* THE VILLAGE OF REYNOLDS, Defendant-Appellee.

Third District No. 75-294

Opinion filed February 20, 1976.

Dorothea O'Dean, of Rock Island, for appellant.

Alan D. Blackwood, of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This case involves the validity of an ordinance enacted by the Village of Reynolds establishing rates and charges for the use of its sewer system.

The plaintiff, Doward E. Greene, a resident of the Village of Reynolds, commenced this action for declaratory relief, claiming the Village ordinance violated the due process and equal protection clauses of the Illinois Constitution. The defendant, Village of Reynolds, denied the allegations of plaintiff's complaint and answered that the minimum monthly charge for the use of the sewerage system is $7. Defendant thereafter counterclaimed for $77, representing charges for unpaid sewerage service, and for $100 in attorney's fees pursuant to ordinance. Except for the allegation of residency, plaintiff denied the other allegations of the counterclaim.

The case was tried by stipulation and the circuit court of Rock Island County, sitting without a jury, held the ordinance valid. By judgment order, the court found the issues raised in plaintiff's complaint in favor of defendant. Defendant's counterclaim was dismissed on the ground that the plaintiff's property was not connected to the sewer system. Each party was required to bear his respective costs. Both parties have appealed from this order.

The Village of Reynolds constructed a sanitary sewer system to replace privately owned septic tanks, in order to provide for the health and comfort of its approximately 600 residents, and to meet State sanitation requirements. This new system was placed in operation April 1, 1974. Currently there are 241 users.

The Village financed this project by issuing $272,000 in sewer revenue bonds which were purchased by the Farmers Home Administration. In accordance with State statutes, the Village enacted Ordinance No. 2-1-73 which provided for the issuance of these bonds and pledged the income and revenue of the system in order to pay the principal and interest on the bonds, and to pay the cost of operating and maintaining the system. The average annual amount of these payments is $21,000.

Before the bonds were purchased, the Village enacted Ordinance No. 2-2-73 which established rates and charges for the use of the system.

Section 1 of that ordinance provided for a $7 minimum rate for the use of this system. This rate applied to each "lot, parcel of land or premises, which may have any active sewer connection with the sewerage system of the Village of Reynolds, or which may actively discharge sewage or industrial waste, either directly or indirectly, into the sewerage system, or any part thereof."

Another section of the ordinance reserved to the Village the right to make special service charges for certain users of the system based on the extent of use. In accordance with this provision, the Village passed another ordinance providing for special rates for certain users of the system.

The plaintiff is the owner of a multiple-unit residence which was constructed approximately ten years ago. He is charged the flat rate of $7 per unit. Plaintiff's multiple-unit residence is not connected with the sanitary sewer system of the Village. He was given notice to hook on to the system.

Since plaintiff's multiple-unit residence was not connected to the Village's sewerage system so that he was not using the system, we need not determine whether plaintiff is liable for unpaid charges for sewerage service. Indeed, the Village never sought to take any steps to require such connection. We note that although the Village ordinances contained various procedures in the event of nonpayment of sewerage charges, no comparable procedures existed to compel or require connection to the sewerage system.

In the view we take of this case, we need not reach the constitutional questions raised by plaintiff's complaint since, until and unless his liability is determined, he has no standing to assert such questions. Before a court may consider whether to enter a declaratory judgment, the plaintiff must demonstrate that such a judgment would be based upon an actual justiciable controversy. If the plaintiff will suffer an infringement of his rights and be adversely affected thereby only if some future possibility does or does not occur, then the right in question is speculative and a declaratory judgment cannot be entered. (*Berg v. City of Chicago*, 97 Ill. App. 2d 410, 240 N.E.2d 344.) In the absence of a justiciable controversy, plaintiff is not entitled to declaratory relief unless he can show not only that the ordinance is invalid, but also that he has sustained or is in danger of sustaining some immediate injury as a result of its enforcement.

For the reasons stated the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.