*In re* ESTATE OF JOHN ROSENBROCK, Deceased.—(ARNOLD ROSENBROCK, Plaintiff-Appellant, *v.* LORNA MUSSMAN *et al.*, Defendants-Appellees.)

Third District   No. 76-515

Opinion filed November 7, 1977.

Robert S. Grim, of Clinton, Tongren & Grim, of Peotone, for appellant.

Armen R. Blanke, of Butz, Blanke, Mortell and Jaffe, of Kankakee, for appellees.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

When John Rosenbrock died in 1973, he was survived by his widow Emma, his son Arnold, and his three daughters, Martha Heldt, Lorna Mussman, and Velma Wille. In his will John named Emma and Arnold to be co-executors of his estate. Among the provisions of the will was the devise to Emma of an undivided one-half interest in his 140-acre farm. The remainder of the estate, including bonds, shares of stock, the rest of the farm, and a residence in the Village of Grant Park, Illinois, was placed in trust with son Arnold and daughter Martha to act as trustees. The trustees were directed to pay the trust income to Emma during her lifetime and at her death to sell the trust assets and to distribute the proceeds to the four children equally.

Paragraph 6(3) of the will provided:

"The authorization and direction to my trustees to sell the assets of John Rosenbrock Trust Estate are, however, made subject to this further provision: I direct my said trustees to obtain an impartial appraisal of the said farm land * * * as of the date of the death of my wife, Emma Rosenbrock, if she shall have survived me. In the event that my son, Arnold Rosenbrock, shall desire to purchase said farm land, I direct that he be given a first and prior option so to do for a period of six months * * * following the date of the decease of Emma Rosenbrock, if she shall have survived me, and that in the event that my said son, Arnold Rosenbrock, shall elect to exercise such option and to purchase said farm land, then and in such event I order and direct that he be permitted to purchase the

farm at a price equivalent to four-fifths (4/5) of the appraised value of said farm land; provided, however, that in no event, regardless of the appraised value thereof, shall my son, Arnold Rosenbrock, be required to pay in excess of Three Hundred Dollars ($300.00) per acre for said farm land."

Martha was given a similar option to purchase the residence for not more than $10,000. According to an appraisal made in connection with John's estate, the farm had a value of $1,000 per acre and the residence a value of $28,600 at the date of John's death. Arnold has been the tenant on the farm since before the time of John's death.

John's widow, Emma, died on April 17, 1975, and her three daughters were named executors of her estate. More than seven months after her death, Arnold filed a petition to have John's will construed so as to give Arnold a special option to purchase the entire 140-acre farm for $300 per acre. The petition alleged that the provision of the will granting Emma a one-half interest in the farm is repugnant to the provision giving Arnold an option to purchase the farm. The petition named as defendants Arnold's three sisters in their capacities as executors of Emma's estate and also named Martha as "successor co-executor" of John's estate. (This latter designation appears erroneous because John's will named Martha to serve as co-executor only if Emma predeceased John, which was not the case.) The petition contained no allegation that Arnold had acted to exercise the option within six months of Emma's death.

Defendants filed a motion to dismiss the petition asserting that no actual controversy is shown to exist, that the option provisions need not be construed to complete the administration of John's estate, and that neither the executor of John's estate nor the trustees of the trust were made parties. In the alternative defendants asked that the court consolidate the will construction proceeding with a pending partition suit which involves the Rosenbrock heirs. The trial court granted the motion to dismiss, and Arnold appeals.

■■ ■ The determinative issue is whether there is any actual controversy requiring construction of John's will. As we have noted, nothing in the record indicates that Arnold took any steps to purchase any of the farm land before his option expired on October 17, 1975, which was prior to the date the petition was filed herein. This deficiency was fatal. In the absence of allegations showing an actual controversy, the circuit court need not entertain a suit to declare the rights of parties as to a state of facts which may never arise. *McCarty v. McCarty* (1916), 275 Ill. 573, 114 N.E. 322; *Jiles v. Flegel* (4th Dist. 1972), 9 Ill. App. 3d 74, 291 N.E.2d 300.

The trial court stated in its dismissal order that the administration of John's estate can be completed without construction of the challenged

provisions of the will. We agree. Certainly possession of the farm can be turned over to the trustees and Arnold can file his final report as executor without reference to the option provisions.

Having concluded that the trial court properly dismissed the petition for want of an actual controversy, we need not consider the other issues argued by the parties. The judgment of the Circuit Court of Kankakee County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.