TOWNSHIP HIGH SCHOOL DISTRICT 203 (NEW TRIER), Plaintiff-Appellee, v. THE VILLAGE OF NORTHFIELD, Defendant-Appellant.

First District (4th Division)   No. 1—88—2015

Opinion filed April 20, 1989.—Rehearing denied June 18, 1989.

Glass, Hill, Dallmeyer & Roth, Ltd., of Chicago (Everette M. Hill, Jr., Bradley M. Glass, and Michael M. Roth, of counsel), for appellant.

Sonnenschein, Carlin, Nath & Rosenthal, of Chicago (Frederic S. Lane, John J. Lawlor, and Susan G. Connelly, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Township High School District 203, operated a public high school commonly known as New Trier West High School, in the Village of Northfield, Illinois (the Village). Plaintiff ceased operating the high school in 1985. A college subsequently expressed interest in buying New Trier's property. The college, however, informed New Trier that it would not purchase the property so long as a recently enacted provision of the Village's zoning ordinance was in effect. The zoning provision would have required the college to pay an annual fee to the Village.

New Trier brought this declaratory judgment action in the circuit court of Cook County against the Village. New Trier sought, *inter alia*, a declaration that the contested zoning provision is illegal. The trial court denied the Village's motion to dismiss and subsequently

granted New Trier's motion for summary judgment on the first two counts of the complaint.

The Village appeals, contending that the trial court should have dismissed the complaint because: (1) New Trier lacked a sufficient interest to challenge the annual fee, and (2) no justiciable controversy existed between the parties. The Village also contends that the trial court erred in granting summary judgment for New Trier because: (1) the Village has the authority to impose such a fee, and (2) the fee is not an illegal tax.

We reverse and remand with directions.

BACKGROUND

■■ For purposes of review, a motion to dismiss admits all well-pled facts and reasonable inferences that can be drawn from the well-pled facts. (*Mack v. Plaza DeWitt Ltd. Partnership* (1985), 137 Ill. App. 3d 343, 349, 484 N.E.2d 900, 905.) New Trier owns approximately 43 acres of land within the Village, spread across Happ Road. Most of the land, approximately 33 acres, lies east of the road, with the remaining 10 acres, 25% of the total, lying west of the road. According to the Village's zoning ordinance, which contains the official zoning map, the east parcel is zoned R-4, single-family dwelling zoning district. The west parcel is zoned M-1, light manufacturing zoning district.

New Trier received a special use permit from the Village in 1963 to build the New Trier West High School. The east parcel was improved with school buildings and outdoor sports facilities; the west parcel was improved with tennis courts and a parking area. New Trier operated the public high school from 1965 through June 1985. For several years thereafter, New Trier attempted to sell or lease the property.

The National College of Education (National College) is a not-for-profit, tax-exempt educational institution. In May 1987, National College began negotiations with New Trier to buy the property. In June 1987, according to New Trier's complaint, National College "indicated its willingness" to bid $22 million for the property at a public auction.

During this time, the Village expressed to New Trier its concern over the future use of the property and the impact thereof on property taxes. The Village subsequently notified New Trier that it was considering amending the permitted use and special use provisions of the Village's zoning ordinance. On several occasions, New Trier expressed to the Village its belief that the amendment would "have a material and adverse impact" upon its ability to market and sell the

property to a college or university.

On July 28, 1987, the Village's board of trustees amended article XII of its zoning ordinance, which relates to special uses. The amendment restricts college and university special uses to the O/R, office research; B-1, general business; and M-1, light manufacturing zoning districts. Further, the site must contain at least 25 acres. On October 13, 1987, the Village enacted a new section 6 to article XII, establishing conditions for granting a special use to a college or university. Section 6 provides in pertinent part:

"Section 6. A special use for a college and university (hereinafter some times referred to as facility) shall be granted only upon a finding that the application for said special use meets the following conditions:

\* \* \*

j. The facility shall enter into an agreement to reimburse the Village for service costs which are directly and uniquely attributable to the college or university use within Northfield. This annual impaction fee shall be payable within sixty (60) days after the beginning of the Village's fiscal year and be based upon the following formula: \* \* \*." (Village of Northfield, Ill., Zoning Ordinance art. XII, §6.)

National College informed New Trier that it would not bid on the property because of the Village's annual impact fee.

New Trier filed a multicount complaint on December 31, 1987. In count I, New Trier sought a finding that the Village, a non–home-rule municipality, lacked the authority to require an annual payment as a condition to receiving special use approval. In count II, New Trier sought a finding that article XII, section 6(j), of the Village's zoning ordinance amounted to taxation of tax-exempt property, in violation of the Illinois Constitution and statutes. New Trier also sought in each of the two counts a declaration that section 6(j) was unlawful and void, and an injunction preventing the Village from imposing the annual fee.

New Trier alleged in the remaining counts that section 6(j) denied it due process and equal protection, and amounted to a taking of its property without just compensation, all in violation of both the United States and Illinois Constitutions. Based on its allegations, New Trier additionally sought damages under the Civil Rights Act of 1964 (42 U.S.C. §1983 (1982)), and attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. §1988 (1982)).

The Village subsequently moved to dismiss the complaint; the trial court denied the motion. On May 25, 1988, the trial court granted

New Trier's motion for summary judgment on counts I and II of the complaint. The court also found that there was no just reason to delay the enforcement or appeal of the judgment. (See 107 Ill. 2d R. 304(a).) New Trier appeals.

OPINION

■ Section 2—701 of the Code of Civil Procedure provides in relevant part that a trial court "may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation *** and a declaration of the rights of the parties interested." (Ill. Rev. Stat. 1987, ch. 110, par. 2—701(a).) Thus, a litigant must establish the following to secure a declaratory judgment: " '(1) [a] plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests, though there need not be any act in violation of any such interests.' " *De Witt County Public Building Comm'n v. County of De Witt* (1984), 128 Ill. App. 3d 11, 16, 469 N.E.2d 689, 693-94, quoting *Griffin v. County of Cook* (1938), 369 Ill. 380, 398, 16 N.E.2d 906, 915 (Stone, J., specially concurring).

## I

The Village first contends that New Trier lacks a legal tangible interest regarding the annual impact fee. The Village notes that: (1) section 6(j) expressly applies only to colleges and universities, and (2) New Trier's property cannot be used as a college or university under its current zoning. The east parcel is zoned R-4, for single-family dwellings, and the west parcel contains less than the required 25 acres for a college or university special use. Thus, the Village argues that New Trier lacks standing to seek declaratory relief.

The statutory requirement that a party be "interested in the controversy" demands more than merely having a curiosity about, or a concern for, the outcome of the controversy. Rather, the party seeking relief must possess a personal claim, status, or right that is capable of being affected. The dispute must touch the legal relations of parties who stand in a position adverse to one another. *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375-76, 362 N.E.2d 298, 301.

Citing these general principles, New Trier contends that it has the

requisite interest regarding the annual impact fee. New Trier argues that it can challenge section 6(j) because the provision has an adverse impact on its ability to sell the property. Noting that it owns the property, New Trier argues further that it is the sole party who can challenge the provision.

■ We disagree. In *Clark Oil & Refining Corp. v. City of Evanston* (1961), 23 Ill. 2d 48, 177 N.E.2d 191, our supreme court held that a party having merely an option to purchase property contingent on rezoning had no standing to question the validity of a zoning ordinance. The court stated:

> "[T]he plaintiff does, interestingly enough, argue that the ordinance prevents it from engaging in a lawful business there. We fail to see how the plaintiff can acquire a right to engage in business on a certain piece of property without first acquiring a right to use that property. As we have mentioned the plaintiff has not shown that in the absence of the ordinance it is entitled to the use of the premises for business or any other purpose." (23 Ill. 2d at 50, 177 N.E.2d at 192.)

The only right of the *Clark Oil* plaintiff, to buy the property, remained unchanged regardless of the validity or invalidity of the zoning ordinance. *Solomon v. City of Evanston* (1975), 29 Ill. App. 3d 782, 788-89, 331 N.E.2d 380, 385.

In the case at bar, New Trier occupies a weaker position than the plaintiff in *Clark Oil*. In that case, our supreme court deemed an option to purchase contingent on rezoning insufficient to confer on a party the requisite interest to challenge a zoning ordinance. In the case at bar, National College does not seek declaratory relief—New Trier does, without any contractual or other legal relationship between it and National College. New Trier's sole interest in the matter is that section 6(j) makes selling its property more difficult. However, only a college or university, under a special use, would pay the annual impact fee. Further, New Trier, National College, or any other potential buyer is not entitled to use the property for a college because it is not zoned for such a use. In other words, section 6(j) simply does not apply to New Trier's property.

Based on this record, New Trier's ability to sell its property remained unchanged regardless of the validity or invalidity of the annual impact fee. We conclude that New Trier lacked the requisite interest to challenge the validity of article XII, section 6(j), of the Village's zoning ordinance. Consequently, we hold that New Trier lacked standing to seek declaratory relief.

## II

Addressing a related issue, the Village also contends that no actual controversy exists between it and New Trier. The Village notes that: (1) neither National College nor anyone else ever contracted to buy the property; (2) the property cannot be used as a college or university under its zoning; and (3) no party has ever requested that the Village rezone the property or otherwise contested the property's present zoning.

New Trier, on the other hand, contends that an actual controversy exists between it and the Village. New Trier argues that the very existence of section 6(j) impedes its marketing efforts.

A related requirement for seeking declaratory relief is that an actual controversy be present. This requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. The case must present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. *Underground Contractors Association*, 66 Ill. 2d at 375, 362 N.E.2d at 300.

A plaintiff seeking a declaratory judgment must show that such relief would be based on an actual justiciable controversy. If a plaintiff's rights would be infringed, and thereby be adversely affected, only if some future possibility in fact occurs or does not occur, then the right in question is speculative and a court cannot enter a declaratory judgment. (*Berg v. City of Chicago* (1968), 97 Ill. App. 2d 410, 417, 240 N.E.2d 344, 348.) In other words, if the question of whether the plaintiff will suffer any infringement of its rights is speculative—if the plaintiff's interests would be adversely affected only in the event some future possibility occurs or does not occur—the action for a declaratory judgment should be dismissed. *State Farm Mutual Automobile Insurance Co. v. Morris* (1961), 29 Ill. App. 3d 451, 460, 173 N.E.2d 590, 594.

Applying these principles to the case at bar, it is clear that no justiciable controversy exists between New Trier and the Village. The record before us shows that the annual impact fee simply does not affect New Trier or anyone else, adversely or otherwise. The annual fee would infringe New Trier's rights only if two future possibilities were to occur. First, as discussed earlier, New Trier would need to find an actual buyer, a party legally obligated to purchase the property. National College made no such obligation. Second, the property cur-

rently is not zoned for a college or university use. So even if National College were obligated to buy the property, it would need to have the property rezoned to permit such a use. Alternatively, if National College could not have the property rezoned, it would need to successfully challenge the validity of the property's current zoning. An actual controversy over section 6(j) would exist only if these events occurred. They have not, however, and the mere possibility that they might occur is insufficient to enter a declaratory judgment. We conclude that no actual controversy is present in this action. Consequently, we hold that New Trier lacks standing to seek declaratory relief.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause remanded with directions that the trial court dismiss the action.

Reversed and remanded with directions.

JOHNSON and McMORROW, JJ., concur.