S B L ASSOCIATES, Plaintiff-Appellant, v. THE VILLAGE OF ELK GROVE, Defendant-Appellee.

First District (1st Division)   No. 1—91—2787

Opinion filed May 10, 1993.

DiMonte & Lizak, of Park Ridge (Eugene A. DiMonte and G.F. Gallagher, of counsel), for appellant.

Kurnik, Cipolla, Stephenson & Barasha, Ltd., of Arlington Heights (William W. Kurnik, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

This action arises out of an annexation agreement containing a recapture provision and a settlement agreement entered into between plaintiff, SBL Associates, and defendant, the Village of Elk Grove. Plaintiff's complaint asserted claims of breach of contract and specific performance, and sought declaratory relief and restitution for unjust enrichment against defendant. The circuit court ordered plaintiff's complaint dismissed pursuant to section 2—615 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) Plaintiff appeals the above dismissal order.

On May 6, 1975, plaintiff and defendant entered into an annexation agreement which contained a provision that plaintiff would "recapture" a percentage of the cost of installing water main lines, a sanitary sewer main line, lift stations and force main lines extending to the Upper Salt Creek Sewage Treatment Plant from property contiguous to defendant (the subject property), as well as cer-

tain paving and sidewalk construction. Paragraph 25 of the annexation agreement provides:

"VILLAGE and Developer acknowledge that the water main lines to be constructed *** and the lift station, force main, and sanitary sewer main lines to be constructed *** shall serve and benefit not only the Tract, but also properties which may become a part of the VILLAGE. The VILLAGE agrees to enter into a recapture agreement with Developer providing that: (1) The cost of such public improvements *** shall be apportioned over the Tract and such other properties as may be determined by the opinion of the engineers of Developer and VILLAGE, respectively, to benefit, over a period not to exceed ten (10) years based on its expected use. ***

* * *

Payments recovered by the VILLAGE from the owners of the benefitting properties which are annexed to the VILLAGE on a date subsequent to the expiration of the ten (10) year period herein shall inure to the exclusive benefit of VILLAGE ***."

The annexation agreement was to expire, by its own terms, on May 6, 1985. An amendment to the agreement was entered into on November 12, 1975, which extended the annexation agreement "for a term of ten (10) years from the date of its execution," which would be November 12, 1985. The second amendment to the annexation agreement was executed on June 14, 1983, extending it to May 6, 1990. In connection with its obligations, undertaken in consideration of the annexation and recapture rights granted by defendant, plaintiff provided defendant with an irrevocable letter of credit in the amount of $35,000 for the completion of certain public improvement work on the subject property.

In mid-1987, after the execution of the third amendment to the annexation agreement, a dispute arose between plaintiff and defendant concerning the adequacy of the Nerge Road construction. Defendant threatened to call upon the plaintiff's letter of credit. After negotiations, the dispute was resolved and a settlement agreement was entered into through letters from each party's attorney. Plaintiff agreed to reimburse defendant up to $37,000 as needed to make the Nerge Road repairs. In consideration of the $37,000, defendant agreed to forbear from claiming against the letter of credit, to undertake certain repairs itself which were originally contemplated under the letter of credit, to waive the bond requirement

on certain work and to extend a zoning classification for two years. Additionally, defendant agreed that it would

"not object to an extension proposal by SBL pertaining to the Recapture Agreement presently in existence, provided the Village will not guarantee the payment of said recapture fees nor litigate any third parties for the failure to pay same."

In that letter dated October 30, 1987, defendant undertook to repair Nerge Road and make direct payments to outside contractors with reimbursement from plaintiff, not to exceed $37,000. Defendant also made other repairs at its own expense. Defendant did not require that plaintiff immediately deposit a cash bond or other letter of credit for certain sidewalks, and also agreed to extend the time for certain residential development "for an additional two year period." Plaintiff's attorney responded to the above in a letter, approximately one month later, which stated "SBL is in agreement with the terms of your letter of October 30, 1987 regarding the Nerge Road matter." Plaintiff then prepared a fourth amendment to the original annexation agreement which incorporated an unlimited period for recapture. The document was never formally executed.

On March 6, 1990, defendant, through its assistant manager, Gary E. Parrin, unequivocally communicated its intention to cease recognition of the recapture provision in the annexation agreement as extended. Thereafter, plaintiff filed its complaint for declaratory relief and for contract remedies. Then, defendant filed a motion to dismiss the complaint, arguing that plaintiff failed to present a justiciable claim and that the acts of the village attorney in agreeing to the recapture provision and extension were *ultra vires*. The circuit court granted defendant's motion to dismiss, finding that the conduct and the memoranda of the parties did not support plaintiff's allegations and did not constitute a contract. Later, the circuit court granted plaintiff's motion for reconsideration because it had improperly gone beyond the scope of the complaint's legal sufficiency in dismissing the complaint. The court allowed plaintiff to file an amended complaint. The first-amended complaint set forth an additional and alternative count for restitution.

Again, defendant filed a section 2—615 motion to dismiss the amended complaint and also filed three affirmative defenses. The circuit court dismissed the amended complaint and granted plaintiff up to and including August 1, 1991, to file a second-amended complaint. However, on July 31, 1991, the circuit court, pursuant to a

stipulation signed by all parties wherein plaintiff elected to stand on its first-amended complaint, entered an agreed order dismissing plaintiff's case with prejudice and making the order appealable. On August 16, 1991, plaintiff filed its notice of appeal.

A motion to dismiss pursuant to section 2—615 (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) admits all well-pled facts as true and any reasonable inferences which could be drawn from the facts. (*Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 113, 371 N.E.2d 373, 375.) When reviewing a dismissal of a complaint based on a section 2—615 motion to dismiss, a reviewing court must determine whether the complaint's allegations, viewed in a light most favorable to the plaintiff, set forth a cause of action for which relief may be granted. (*Luethi v. Yellow Cab Co.* (1985), 136 Ill. App. 3d 829, 833, 483 N.E.2d 1058, 1060.) Conclusions of law or conclusions of fact which are unsupported by specific factual allegations are not admitted. *Greenberg v. United Airlines* (1990), 206 Ill. App. 3d 40, 44, 563 N.E.2d 1031, 1035.

■ A plaintiff seeking a declaratory judgment must show that such relief would be based on an actual justiciable controversy. Actual controversy has been interpreted to mean a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300.) If a plaintiff's rights would be infringed, and thereby be adversely affected, only if some future possibility in fact occurs or does not occur, then the right in question is speculative and a court cannot enter a declaratory judgment. (*Township High School District 203 v. Village of Northfield* (1989), 184 Ill. App. 3d 367, 373, 540 N.E.2d 365, 369, citing *Berg v. City of Chicago* (1968), 97 Ill. App. 2d 410, 417, 240 N.E.2d 344, 348.) Therefore, if a plaintiff's interests would be adversely affected only in the event of some future occurrence or nonoccurrence, the declaratory action should be dismissed. *Township High School*, 184 Ill. App. 3d at 373, 540 N.E.2d at 369, citing *State Farm Mutual Automobile Insurance Co. v. Morris* (1961), 29 Ill. App. 2d 451, 460, 173 N.E.2d 590, 594.

■ In the case at bar, plaintiff filed for declaratory relief based on a recapture provision. In order for the recapture provision to become operative, the subject property must be annexed, which had not yet been done. Plaintiff requested that the circuit court decide whether the recapture period was extended. Until the subject prop-

erty is annexed, a decision on the above issue would be premature. The instant case is similar to *Greene v. Village of Reynolds* (1976), 35 Ill. App. 3d 998, 342 N.E.2d 834, wherein the appellate court held that a challenge to the validity of a sewer user fee was not justiciable because the land owner had not yet connected to the sewer. In *Continental Illinois National Bank & Trust Co. v. Bailey* (1982), 104 Ill. App. 3d 1131, 433 N.E.2d 1098, the appellate court found that a request to construe the terms of a trust agreement was premature because the operation of the provision at issue was contingent upon a beneficiary dying without issue.

In the absence of allegations showing an actual controversy, the circuit court need not entertain a suit to declare the rights of parties as to a state of facts which may never arise. (*In re Estate of Rosenbrock* (1977), 54 Ill. App. 3d 165, 369 N.E.2d 398.) Since a reviewing court can affirm a lower court's decision on any grounds · which are based upon the record, regardless of whether those grounds were relied upon by the court or whether the court's reasoning was correct, we uphold the circuit court's dismissal of the declaratory action based on the fact that no controversy currently exists. See *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 142, 478 N.E.2d 384, 389.

■ Notwithstanding our above holding that plaintiff's action must fail because no actual controversy currently exists, we review the remaining issues presented to this court. Plaintiff also argues that the circuit court committed reversible error by considering defendant's affirmative defenses in determining defendant's section 2—615 motion. In support of this argument, plaintiff cites to the record, alleging that the circuit court relied upon these defenses in reaching its outcome. The record, however, is devoid of any indication that the circuit court considered defendant's affirmative defenses. Instead, it is clear from the record that the circuit court considered all the well-pled facts in the complaint, along with the reasonable inferences which could be drawn therefrom. Therefore, plaintiff's argument is meritless.

■ Next, plaintiff argues that a recapture agreement was entered into by virtue of a series of letters to and from it and defendant. Plaintiff substantially relies on language in a letter from defendant's attorney which states "the Village will not object to an extension proposal by SBL pertaining to the Recapture Agreement presently in existence." Plaintiff's theory is that through these letters, plaintiff and defendant entered into an agreement to extend the period of recapture for a "reasonable time." In order for a con-

tract to exist between parties, there must be a meeting of the minds or mutual assent as to the terms of the contract. (*Midland Hotel Corp. v. Reuben H. Donnelley Corp.* (1987), 118 Ill. 2d 306, 313-14, 515 N.E.2d 61, 65.) Moreover, the essential terms of the contract must be definite and enforceable in order for a contract to be enforceable. *Midland Hotel*, 118 Ill. 2d at 314, 515 N.E.2d at 65.

We disagree that a specific contract dealing with plaintiff's alleged recapture rights was ever entered into by the parties. We find that the above letters constitute the settlement agreement between the parties, one of the provisions of which dealt with a recapture proposal. Reviewing the letters in a light most favorable to plaintiff, the relied-upon language only promises that defendant will not object to plaintiff submitting a proposal for an extension of the recapture terms for defendant's consideration. The letters do not evidence a meeting of the minds between the two parties in regard to a definite extension of the recapture agreement. Therefore, we find that no recapture agreement as defined by plaintiff existed.

■ Plaintiff also argues that the circuit court erred in finding that defendant's attorney engaged in *ultra vires* conduct in contracting with plaintiff for a new recapture agreement. Since we found above that no recapture agreement existed as defined by plaintiff, defendant's attorney could not have engaged in *ultra vires* conduct because he never entered into a contract with plaintiff. Accordingly, this issue is moot.

■ Finally, count IV of plaintiff's amended complaint attempts to state a cause of action for restitution based on the $37,000 it paid to defendant pursuant to the settlement agreement. As a general rule, a plaintiff cannot pursue quasi-contractual claims where there is an express contract between the parties. (*Prodromos v. Poulos* (1990), 202 Ill. App. 3d 1024, 1032, 560 N.E.2d 942, 948, citing *Industrial Lift Truck Service Corp. v. Mitsubishi International Corp.* (1982), 104 Ill. App. 3d 357, 360, 432 N.E.2d 999, 1002.) This rule prevents a party who made a bad business decision from asking a court to restore his expectations. (*Prodromos*, 202 Ill. App. 3d at 1032, 560 N.E.2d at 948.) In the case at bar, however, both parties agreed that a settlement agreement was entered into between them. Since a contract already exists between the parties, there is no need for the court to imply a contract in law. In fact, a plaintiff is not entitled to compensation on the ground of restitution if he received from defendant that which it was agreed between them that the other should give in return. We, therefore, find that the circuit court properly dismissed plaintiff's restitution claim.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MANNING, P.J., and O'CONNOR, J., concur.