NOTICE
Decision filed 03/04/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230649-U

NO. 5-23-0649

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| WILLIAM DOUGLAS LAIRD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Wayne County. |
| | ) | |
| v. | ) | No. 22-CH-6 |
| | ) | |
| JODI POOLE, Supervisor of Assessments of | ) | |
| Wayne County, Illinois, and YVETTE | ) | |
| ANDERSON, Treasurer and *ex officio* | ) | |
| Collector of Wayne County, Illinois, | ) | Honorable |
| | ) | Kimbara G. Harrell, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: The plaintiff's amended complaint for declaratory judgment was properly dismissed where it failed to show the existence of an actual controversy.

¶ 2    The plaintiff, William Laird, brought a declaratory action against the defendants, Jodi Poole, the Supervisor of Assessments of Wayne County, Illinois, and Yvette Anderson, Wayne County Treasurer, seeking a declaration that the defendants' practice of assessing and collecting property taxes was unconstitutional. The circuit court dismissed the plaintiff's amended complaint without prejudice pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)). For the following reasons, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4     The plaintiff and Beverely Jean Mason each owned an undivided one-half interest in two pieces of property located in Wayne County. For the tax years of 2019, 2020, and 2021, the plaintiff requested that the defendants send him a separate tax bill for his individual undivided one-half interest in the tracts. However, the defendants refused his request, noting that, when properties had multiple owners owning undivided interests as tenants in common, it was their practice to assess and tax the entire property as a whole and to send the tax bill to only one owner of the undivided interest. Although the plaintiff was named as one of the owners, he did not receive a tax bill for his undivided one-half interest for the 2019, 2020, and 2021 tax years. Instead, the tax bills were sent to Mason.

¶ 5     On April 6, 2022, the plaintiff filed a complaint for declaratory judgment, alleging that the defendants' practice of assessing and taxing the property as a whole was unconstitutional in that it allowed the taking of property by a delinquent tax sale without any notice being sent to the individual owners of the undivided interests. He contended that the adopted procedure constituted a deprivation of property without due process of the law, in violation of the due process provisions of the United States Constitution and the Illinois Constitution. He noted that section 20-5 of the Property Tax Code (Tax Code) (35 ILCS 200/20-5(a) (West 2022)) instructed that the collector was required to prepare tax bills showing each installment of property taxes assessed and mail the bills to the owner of the property or to the person in whose name the property was taxed. He also noted that, if the owner who received the tax bill failed to pay it, then the entire property, including all undivided interests, could be sold to satisfy the tax.

¶ 6     Attached to the complaint was a letter from defendant Poole as the Supervisor of Assessments, in which she acknowledged the plaintiff's requests for a separate tax bill for his one-

2

half interest in the properties but responded that he owned one-half of the interest in 58.25 acres (the total acreage of the properties), not 29.13 acres; he had a right to the entire property, not just one-half of the property. She indicated that, if the plaintiff wanted to receive a tax bill for a certain acreage, then he and Mason needed to determine what portions would be transferred to each of them, and the proper documentation would need to be filed in the Wayne County Clerk's Office conveying those legal descriptions. She noted that, after that, the parcels would be split, and the respective tax bills would be sent to each owner.

¶ 7    On May 6, 2022, the defendants filed a motion to strike and dismiss the complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2022)), arguing, in pertinent part, that the plaintiff failed to establish an actual controversy subject to a declaratory action. Specifically, the defendants noted that the plaintiff's allegations assumed the occurrence of a delinquent tax sale and full proceedings pursuant to the tax sale procedure set forth in the Tax Code (35 ILCS 200/1-1 *et seq.* (West 2022)), resulting in a final loss of the plaintiff's property interests. The defendants argued that the fact that the plaintiff had requested separate tax bills, and that his requests were denied, did not establish an actual controversy subject to a declaratory action. They contended that the plaintiff essentially sought an advisory opinion with respect to presumed future difficulties, which was not permitted in a declaratory judgment action. The defendants argued that, contrary to the plaintiff's allegations, the process of billing and collecting real property taxes and the tax sale procedure were not a taking of property but a mechanism to secure the payment and collection of real property taxes. The defendants noted that the plaintiff had alternative remedies, other than seeking a declaratory judgment, as he could resolve the issue by agreement with Mason, the other interest holder, or seek partition of the real property, so that his interests were capable of being individually assessed, taxed, and billed.

¶ 8      After a July 27, 2022, hearing on the motion to strike and dismiss, the trial court entered an order by docket entry, granting the motion without prejudice but allowing the plaintiff to file an amended complaint. On August 26, 2022, the plaintiff filed an amended complaint for declaratory judgment, essentially making the same due process argument as in the initial complaint. On September 21, 2022, the trial court allowed the plaintiff to supplement the amended complaint to include allegations regarding the 2021 tax bills. On November 7, 2022, the defendant filed a motion to strike and dismiss the amended complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2022)), again arguing, in pertinent part, that the plaintiff failed to allege sufficient facts to establish the existence of an actual controversy.

¶ 9      On December 9, 2022, the plaintiff filed an answer to the motion to strike and dismiss the amended complaint, arguing, in pertinent part, that there was an actual controversy between the parties as he had requested the defendants send him separate tax bills for 2019 through 2021 for his one-half interest in the properties, but his requests were denied.

¶ 10      On March 8, 2023, the trial court entered an order dismissing the plaintiff's amended complaint without prejudice.[1] On April 5, 2023, the plaintiff filed a motion to reconsider the court's dismissal of his amended complaint, arguing that the amended complaint contained sufficient allegations to establish the existence of an actual controversy and that the plaintiff had an interest in the subject matter of the complaint. On July 26, 2023, the trial court entered an order denying the plaintiff's motion to reconsider.[2] The plaintiff appeals.

---

[1]Although a February 8, 2023, docket entry indicated that there was a hearing held on the motion to dismiss, there is no transcript of the proceedings or bystander's report on the hearing in the record on appeal.

[2]Although a July 26, 2023, docket entry indicated that there was a hearing held on the motion to reconsider, there is no transcript of the proceedings or bystander's report on the hearing in the record on appeal.

¶ 11 II. ANALYSIS

¶ 12 The sole issue on appeal is whether the trial court erred in dismissing the plaintiff's amended complaint.

¶ 13 A section 2-615 motion to dismiss attacks the legal sufficiency of the complaint based on defects apparent on its face. *Simpkins v. CSX Transportation, Inc.*, 2012 IL 110662, ¶ 13. In ruling on a section 2-615 motion, a court must accept all well-pleaded facts in the complaint, as well as any reasonable inferences that may arise from them. *Maglio v. Advocate Health & Hospitals Corp.*, 2015 IL App (2d) 140782, ¶ 19. The critical inquiry is whether the allegations of the complaint, when viewed in a light most favorable to plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Id.* The trial court should not grant the motion to dismiss unless it is clearly apparent from the pleadings that no set of facts can be proven that would entitle plaintiff to relief. *Id.* To survive a section 2-615 motion, a plaintiff must allege specific facts supporting each element of the cause of the action. *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 406 Ill. App. 3d 325, 336 (2010). We review an order granting a section 2-615 motion to dismiss *de novo. Id.*

¶ 14 Declaratory relief is only permitted when the plaintiff shows that such relief would be based on an actual justiciable controversy. *SBL Associates v. Village of Elk Grove*, 247 Ill. App. 3d 25, 29 (1993). An actual controversy is a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part of the controversy. *Id.* Thus, if a plaintiff's interests would be adversely affected only in the event of some future occurrence or non-occurrence, the declaratory action should be dismissed. *Id.* A declaratory judgment action is not intended to enable parties to secure advisory opinions or legal advice from the trial court with respect to anticipated future

difficulties; there must be an actual controversy between the parties. *Weber v. St. Paul Fire & Marine Insurance Co.*, 251 Ill. App. 3d 371, 373 (1993). If the complaint for declaratory judgment fails to show that an actual controversy exists, the suit should be dismissed. *Wood v. School District No. 65*, 18 Ill. App. 3d 33, 36 (1974).

¶ 15    In the present case, we first note that the record on appeal reveals that there were hearings held on the defendants' motion to dismiss the amended complaint and the plaintiff's motion to reconsider. However, there is no transcript of the proceedings or bystander's report in the record on appeal. The appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 22. Any doubts that arise from the incompleteness of the record will be resolved against the appellant. *Id.*

¶ 16    In his amended complaint, the plaintiff alleged that the defendants' practice of assessing and taxing property as a whole was unconstitutional because it allowed the taking of property by a delinquent tax sale without any notice being sent to each owner of the undivided interests. The plaintiff alleged that he made written requests to the Supervisor of Assessments for separate tax bills for his individual undivided one-half interest in the tracts of land that he owned with Mason, but those requests were denied. The plaintiff did not allege that his property was sold at a delinquent tax sale because he did not receive notice of the tax bills. In other words, he has not alleged any actual loss of property interest.

¶ 17    The fact that the defendants denied the plaintiff's requests for separate tax bills does not establish an actual controversy that would permit declaratory relief under his amended complaint. His allegations are based on his interests being adversely affected in the event of some future

6

occurrence, *i.e.*, a delinquent tax sale. Unlike in *People ex rel. Harris v. Parrish Oil Production, Inc.*, 249 Ill. App. 3d 664 (1993), the case that he relies upon to argue that the defendants' procedure was unconstitutional, there was no indication that the plaintiff's taxes on the relevant properties were delinquent and were ordered sold at a delinquent tax sale. See *id.* at 666. We also note that the plaintiff has alternative remedies, other than seeking declaratory relief, such as resolving the issue with the other interest holder or seeking partition of the property in question, so that his interest is capable of being individually assessed, taxed, and billed. Accordingly, the plaintiff's amended complaint for declaratory judgment failed to show the existence of an actual controversy, and the trial court correctly granted the defendants' motion to dismiss.

¶ 18                                    III. CONCLUSION

¶ 19     For the foregoing reasons, we affirm the judgment of the circuit court of Wayne County.


¶ 20     Affirmed.