NOTICE

Decision filed 05/09/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-07-0300

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

ROBERT DesPAIN,                                          ) Appeal from the
                                                         ) Circuit Court of
    Plaintiff-Appellant,                                 ) Madison County.
                                                         )
v.                                                       ) No. 01-MR-154
                                                         )
THE CITY OF COLLINSVILLE, STAN                           )
SCHAEFFER, Mayor, FRED DALTON, DIANE                     )
MEYER, and MICHAEL BARTSCH, as Individuals               )
and Collectively as Councilmen Comprising 4/5ths of      )
the City Council,                                        ) Honorable
                                                         ) Leo T. Desmond,
    Defendants-Appellees.                                ) Judge, presiding.
_____

JUSTICE WEXSTTEN delivered the opinion of the court:

The plaintiff, Robert DesPain, appeals from the order of the circuit court of Madison County granting a partial summary judgment in favor of the defendants, the City of Collinsville, Collinsville Mayor Stan Schaeffer, and Collinsville City Council members Fred Dalton, Diane Meyer, and Michael Bartsch. For the reasons that follow, we reverse in part and affirm in part.

BACKGROUND

The present appeal stems from three written requests that the plaintiff submitted to the City of Collinsville (the city) pursuant to the Freedom of Information Act (the Act) (5 ILCS 140/1 *et seq.* (West 2000)). The facts relevant to the case are not in dispute.

In March 2001, the plaintiff filed a single-count *pro se* complaint for a declaratory judgment against the defendants. The complaint alleged a violation of the Open Meetings Act (5 ILCS 120/1 *et seq.* (West 2000)).

1

In April 2001, the plaintiff requested that, pursuant to the Act, the city allow him to inspect "and listen to" the audiotapes of the city council meetings of "1/29/01" and "2/12/01." In a response letter, John Swindle, the city's "Freedom of Information Officer" (FOIO) advised the plaintiff that the records he had requested were "available for inspection, immediately." The letter further stated, however, that the city did "not have the facilities for the public to listen to audiotapes," that the city had to "maintain possession of the originals," and that the plaintiff could obtain copies of the tapes for a fee. The plaintiff subsequently appealed the response to his request in a letter to Mayor Schaeffer. See 5 ILCS 140/10(a) (West 2000). In his appeal letter, the plaintiff maintained that the Act permitted him to inspect the requested audiotapes and that it was "unreasonable to take the position that an audiotape can be inspected without listening to it." In a response letter, stating that he believed that the plaintiff had not "been denied access to a public record," Mayor Schaeffer denied the plaintiff's appeal. Citing the city's need to "preserve its original public records," the mayor's letter explained that "in order to inspect an audiotape, a copy must be made." The mayor's letter advised that copies of the tapes were available for a fee. The letter further stated that "a [c]ity employee could be provided for the purpose of operating the audiotape machine as you inspect [copies of the audiotapes]," but the mayor intimated that the plaintiff would still have to pay for the copies.

In May 2001, the plaintiff filed an amended complaint for a declaratory judgment, adding counts II and III. Count II of the amended complaint alleged that the city had violated section 3 of the Act (5 ILCS 140/3 (West 2000)) by denying his request to listen to the audiotapes that he had asked to inspect. The plaintiff requested an order directing the defendants to allow him to listen to the original audiotapes, as opposed to copies. Count III alleged that the city had violated section 9(a) of the Act (5 ILCS 140/9(a) (West 2000)) because the city's responses to his request failed to conform to the statutory requirements set

2

forth therein.

In August 2001, the plaintiff filed a second amended complaint, again alleging counts I, II, and III. No new counts were added, and no substantive changes were made to the existing counts.

In February 2002, the plaintiff requested that the city allow him to inspect and listen to a portion of the "original" audiotape of the city council meeting of "12/26/01." In a response letter, the city's FOIO advised the plaintiff that the city did "not have the facilities that would enable the public to listen to audiotapes," that the city had to "maintain possession of all originals," and that a copy of the tape was available for a fee.

In March 2002, the plaintiff requested that the city allow him to inspect and listen to a portion of the audiotape of the city council meeting of "3/25/02." In a response letter, the FOIO again informed the plaintiff that the city did "not have the facilities for the public to listen to audiotapes," that the city had to "maintain possession of the originals," and that a copy of the tape was available for a fee.

In April 2002, the plaintiff filed a third amended complaint, adding counts IV, V, VI, and VII. Counts IV and V mirrored count II of the plaintiff's first and second amended complaints but referenced his February and March inspection requests, respectively. Counts VI and VII alleged that the city had violated the Act with respect to an inspection request unrelated to the present appeal.

In November 2002, the plaintiff filed a fourth amended *pro se* complaint for a declaratory judgment, adding counts VIII, IX, X, and XI. Counts VIII and XI alleged further violations of the Open Meetings Act. Counts IX and X alleged violations of the Act with respect to inspection requests unrelated to the present appeal.

In June 2006, the defendants moved for a summary judgment on counts I through X of the plaintiff's fourth amended complaint pursuant to section 2-1005 of the Code of Civil

Procedure (735 ILCS 5/2-1005 (West 2006)). With respect to counts II, IV, and V, the defendants maintained that "nothing in [the Act] states that an original public record must be provided to a requestor" and that "nothing in [the Act] states that a public body must provide the means or facilities to a requestor for the purpose of listening to an original or a copy of an audiotape." With respect to count III, the defendants argued that because the plaintiff had not been denied access to the public records referred to in count II, there was no need to comply with section 9(a) of the Act.

In March 2007, the circuit court entered an order granting the defendants' motion for a summary judgment on counts II, III, IV, and V of the plaintiff's fourth amended complaint and denying a summary judgment on the remaining counts. As to counts II, IV, and V, the court held that the plaintiff had no right under the Act to listen to the original audiotapes in question, "nor were [the] defendants obligated to provide a method or procedure for him to do so." The circuit court granted a summary judgment on count III "because [the plaintiff] was not denied the 'inspection' or 'copying' of the subject audiotapes."

In April 2007, the plaintiff filed a timely motion to reconsider the granting of a summary judgment in favor of the defendants on counts II, III, IV, and V. The circuit court denied the motion to reconsider and stated that pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)), there was no just reason for delaying the enforcement or appeal of its previous order or its order denying the motion to reconsider.

In May 2007, the circuit court dismissed the remainder of the plaintiff's complaint for a want of prosecution. The plaintiff subsequently filed a timely notice of appeal from the circuit court's order denying his motion to reconsider the granting of a summary judgment on counts II, III, IV, and V.

## ANALYSIS

The parties agree that the primary issue on appeal is whether the plaintiff was entitled

4

to listen to the original audiotapes that he asked to inspect or whether the city complied with the Act by providing him the opportunity to obtain and inspect copies of the tapes. Because we conclude that the plaintiff was entitled to inspect the original audiotapes, we reverse the circuit court's judgment granting a summary judgment on counts II, IV, and V in favor of the defendants and enter a summary judgment on the same in favor of the plaintiff. We affirm the circuit court's granting of a summary judgment on count III but do so on grounds other than the court's stated reason.

"Summary judgment is proper where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Abrams v. City of Chicago*, 211 Ill. 2d 251, 257 (2004). The interpretation of a statute is a matter of law and is thus appropriate for a summary judgment. *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 433 (2005). Statutory interpretation issues and summary judgment rulings are both reviewed *de novo*. *City of Warrenville v. Novak*, 355 Ill. App. 3d 714, 717 (2005).

Counts II, IV, and V

Section 3 of the Act states, "Each public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act." 5 ILCS 140/3(a) (West 2000). Section 7(1) of the Act lists numerous categories of public records that are "exempt from inspection and copying." 5 ILCS 140/7(1) (West 2000). Under the Act, "public records are presumed to be open and accessible." *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 462 (2003). "Thus, when a public body receives a proper request for information, it must comply with that request unless one of the narrow statutory exemptions set forth in section 7 of the Act applies." *Illinois Education Ass'n*, 204 Ill. 2d at 463.

The plaintiff insists that he is entitled to listen to the original audiotapes that he asked to inspect. Stating that it "is willing to allow the [p]laintiff to inspect, listen to, or be given accurate copies of the audiotapes requested," the city maintains that it is not required to allow the public to access its original public records. The city supports its claim that "it may use accurate copies of original public records for the purpose of inspections" by noting that the Act neither prohibits the use of copies, as opposed to originals, nor mentions "original" public records anywhere in its text.

When interpreting a statute, the "primary objective is to ascertain and give effect to legislative intent, the surest and most reliable indicator of which is the statutory language itself, given its plain and ordinary meaning." *People v. Perry*, 224 Ill. 2d 312, 323 (2007). When determining the plain meaning of a statute's terms, a court must consider the statute in its entirety, bearing in mind the subject that it addresses and the apparent intent of the legislature in enacting it. *Perry*, 224 Ill. 2d at 323. Where the language of the statute is clear and unambiguous, a court must apply it as written, without resort to extrinsic aids of statutory construction. *Perry*, 224 Ill. 2d at 323. In addition, "[t]he statute should be read as a whole and construed so that no part of it is rendered meaningless or superfluous." *People v. Jones*, 214 Ill. 2d 187, 193 (2005). "A court should consider each part or section of a legislative act in connection with every other part or section, and not each part alone, in determining the purpose or intent of the legislature." *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 318 (1989).

Pursuant to the Act, " '[p]ublic records' means all records, reports, forms, writings, letters, memoranda, books, papers, maps, photographs, microfilms, cards, tapes, recordings, electronic data processing records, recorded information[,] and all other documentary materials, regardless of physical form or characteristics, having been prepared, or having been or being used, received, possessed[,] or under the control of any public body." 5 ILCS

6

140/2(c) (West 2000). The Act sets forth several examples of what the term " '[p]ublic records' includes" (5 ILCS 140/2(c) (West 2000)), but, as the defendants correctly note, nowhere does the Act refer to "original" records, nor does the Act expressly prohibit the use of copies for public inspection. Nevertheless, we must read the Act as a whole and interpret it so that none of its provisions are rendered meaningless. *Jones*, 214 Ill. 2d at 193. We must also read each part of the Act "in connection with every other part." *Castaneda*, 132 Ill. 2d at 318.

Pursuant to the Act, " '[c]opying' means the reproduction of any public record by means of any photographic, electronic, mechanical[,] or other process, device[,] or means." 5 ILCS 140/2(d) (West 2000). Because to copy a "public record" means to reproduce it, it follows that the term "public record" as used in the Act necessarily refers to a public body's original record. Thus, by only allowing the plaintiff to inspect copies of the requested "public records," the city did not make available to the plaintiff for inspection the "public records" as required by section 3(a) of the Act.

Although we understand the city's concern regarding the preservation of its original records, we cannot ignore the intent of the legislature as evinced by the plain language of the statute. *Rita v. Mayden*, 364 Ill. App. 3d 913, 918 (2006). We also note that although a public body may determine when and where a requested inspection will take place (see 5 ILCS 140/3(g)(i) (West 2000)), that a public body lacks the facilities for the public to listen to audiotapes is not a valid basis upon which to deny a request to inspect a tape-recorded public record. "The Act states that public bodies must make public records available for inspection and copying, unless they can avoid doing so by invoking an exception that is provided in the Act." *American Federation of State, County & Municipal Employees v. County of Cook*, 136 Ill. 2d 334, 343 (1990).

7

Lastly, contrary to the defendants' suggestion on appeal, the Act does not allow for the charging of fees associated with the inspection of a public record. Section 6 of the Act is entitled "Authority to charge fees," and subsection (a) provides, in pertinent part:

"(a) Each public body may charge fees reasonably calculated to reimburse its actual cost for reproducing and certifying public records and for the use, by any person, of the equipment of the public body to copy records. Such fees shall exclude the costs of any search for and review of the record[] and shall not exceed the actual cost of reproduction and certification, unless otherwise provided by State statute." 5 ILCS 140/6(a) (West 2000).

Thus, under the plain language of the Act, a public body may only charge fees associated with the "cost for reproducing and certifying public records" or the "use, by any person, of the equipment of the public body to copy records." 5 ILCS 140/6(a) (West 2000); see also 2005 Ill. Att'y Gen. Op. No. 05-002, at 5 (noting that "[u]nder the plain language of subsection 6(a), a public body is ordinarily limited to charging a fee for furnishing copies of public records that is calculated 'to reimburse its actual cost for reproducing *** public records' "). Moreover, the Act further states that the assessment of a fee "not consistent" with subsection 6(a) "shall be considered a denial of access to public records for the purposes of judicial review." 5 ILCS 140/6(c) (West 2000). Clearly, the Act does not authorize the imposition of inspection fees.

The plaintiff was entitled to inspect the original audiotapes that he requested pursuant to the Act. Accordingly, we reverse the circuit court's order granting the defendants' motion for a summary judgment on counts II, IV, and V of the plaintiff's fourth amended complaint, and pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we hereby grant a summary judgment on those counts in favor of the plaintiff.

Count III

Section 9(a) of the Act states:

"(a) Each public body or head of a public body denying a request for public records shall notify by letter the person making the request of the decision to deny such, the reasons for the denial, and the names and titles or positions of each person responsible for the denial. Each notice of denial by a public body shall also inform such person of his right to appeal to the head of the public body. Each notice of denial of an appeal by the head of a public body shall inform such person of his right to judicial review under Section 11 of this Act." 5 ILCS 140/9(a) (West 2000).

Count III of the plaintiff's fourth amended complaint for a declaratory judgment alleged that the city had violated the Act because the city's responses to his request to inspect the audiotapes referred to in count II failed to fully conform to section 9(a)'s requirements. The plaintiff asked that the circuit court enter an order directing the city to comply with section 9(a) "in the future." The plaintiff now asks that we reverse the court's order granting a summary judgment in favor of the defendants on count III.

"A plaintiff seeking a declaratory judgment must show that such relief would be based on an actual justiciable controversy." *SBL Associates v. Village of Elk Grove*, 247 Ill. App. 3d 25, 29 (1993). "Actual controversy has been interpreted to mean a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof." *Village of Elk Grove*, 247 Ill. App. 3d at 29. The requirement of actual controversy "requires a showing that the underlying facts and issues of the case are not moot or premature with the result that a court passes judgment upon mere abstract propositions of law, renders an advisory opinion, or gives legal advice concerning future events." *Messenger v. Edgar*, 157 Ill. 2d 162, 170

9

(1993); see also *In re J.T.*, 221 Ill. 2d 338, 349 (2006) ("It is a basic tenet of justiciability that reviewing courts will not decide moot or abstract questions or render advisory opinions"). "If a plaintiff's rights would be infringed, and thereby be adversely affected, only if some future possibility in fact occurs or does not occur, then the right in question is speculative and a court cannot enter a declaratory judgment." *Township High School District 203 (New Trier) v. Village of Northfield*, 184 Ill. App. 3d 367, 373 (1989).

It is undisputed that the city's responses to the plaintiff's April 2001 request to inspect the audiotapes referred to in count II did not fully conform to section 9(a) of the Act. Adopting the city's subjective belief that it was not required to comply with section 9(a)'s notice requirements because it had not denied the plaintiff's request to inspect the audiotapes, the circuit court granted the defendants' motion for a summary judgment on count III, finding that the plaintiff had not been "denied the 'inspection' or 'copying' of the subject audiotapes." Although, for the reasons discussed above, we disagree with the circuit court's finding that the plaintiff was not denied his requested inspection of the subject audiotapes, the plaintiff suffered no discernable prejudice by the city's failure to comply with section 9(a). The plaintiff was obviously aware that he had the right to appeal the FOIO's response to his April 2001 request and that he had the right to judicial review under section 11 of the Act (5 ILCS 140/11 (West 2000)). In no way were these rights adversely affected by the city's failure to comply with section 9(a), and the issue is now moot because it "presents no actual controversy" (*In re J.T.*, 221 Ill. 2d at 349). Moreover, it is speculation to assume that letters from the city denying requests for public records will not conform to section 9(a) "in the future." "Since a reviewing court can affirm a lower court's decision on any grounds which are based upon the record, *** we uphold the circuit court's dismissal of the declaratory action based on the fact that no controversy currently exists." *Village of Elk Grove*, 247 Ill. App. 3d at 30. Accordingly, we affirm the circuit court's order granting a summary judgment

10

in favor of the defendants on count III.

## CONCLUSION

For the foregoing reasons, we reverse the circuit court's order granting a summary judgment in favor of the defendants on counts II, IV, and V; we grant a summary judgment on those counts in favor of the plaintiff; and we affirm the circuit court's order granting a summary judgment in favor of the defendants on count III.

Affirmed in part and reversed in part; judgment entered.

CHAPMAN and DONOVAN, JJ., concur.

11

NO. 5-07-0300

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| ROBERT DesPAIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 01-MR-154 |
| | ) | |
| THE CITY OF COLLINSVILLE, STAN | ) | |
| SCHAEFFER, Mayor, FRED DALTON, DIANE | ) | |
| MEYER, and MICHAEL BARTSCH, as Individuals | ) | |
| and Collectively as Councilmen Comprising 4/5ths of | ) | |
| the City Council, | ) | Honorable |
| | ) | Leo T. Desmond, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

**Opinion Filed**:     May 9, 2008

_____

**Justices**:     Honorable James M. Wexstten, J.

          Honorable Melissa A. Chapman, J., and
          Honorable James K. Donovan, J.,
          Concur

_____

**Attorney**     Curtis L. Blood, 1602 Vandalia, Collinsville, IL 62234-4459
**for**
**Appellant**

_____

**Attorney**     Steven C. Giacoletto, Giacoletto Law Office, P.C., 1601 Vandalia Street, Collinsville,
**for**     IL 62234
**Appellees**

_____