NOTICE

Decision filed 12/11/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-07-0563

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| TAMMY WOOD, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Marion County. |
| | ) |
| v. | ) No. 06-L-16 |
| | ) |
| NORTH WAMAC SCHOOL | ) |
| DISTRICT NO. 186, | ) Honorable David L. Sauer and |
| | ) Honorable Patrick J. Hitpas, |
| Defendant-Appellant. | ) Judges, presiding. |

_____

JUSTICE DONOVAN delivered the opinion of the court:

The defendant, North Wamac School District No. 186 (District), appeals from a judgment finding that the plaintiff, Tammy Wood, is entitled to contractual continued service and ordering the District to grant her tenure and to reinstate her as a teacher.

The pertinent facts are not disputed. Tammy Wood is a certified teacher who was initially hired by the District for the 2001-2002 school year. Wood performed full-time teaching duties during that term. Subsequently, the District tendered a contract, employing Wood as a full-time teacher for the 2002-2003 school year and then again for the 2003-2004 school year. Wood taught full-time throughout the 2002-2003 term. On June 13, 2003, Wood was seriously injured in an automobile accident. Wood was unable to teach during the 2003-2004 academic year because of her injuries. The District granted Wood's request for a paid leave of absence for both semesters of the 2003-2004 school year. The District then tendered a contract, employing Wood as a full-time teacher for the 2004-2005 school year. Wood taught full-time throughout that term.

On March 22, 2005, the board of education for the District voted not to reemploy

1

Wood for the 2005-2006 school year. On March 30, 2005, the District sent a written notice advising Wood that she would not be reemployed for the upcoming school year and that her employment with the District would end on May 26, 2005. The District did not provide a specific reason for the decision.

On March 23, 2006, Wood filed an action in the circuit court of Marion County, asking the court to enter a judgment finding that she is entitled to contractual continued service (tenure) and ordering the District to grant her tenure, to reinstate her as a teacher, and to pay damages for her lost wages and benefits and the costs of the lawsuit. Each party filed a motion for a summary judgment. In her motion, Wood argued that she was employed by the District as a full-time teacher for four consecutive years, that she met the prerequisites for tenure status under section 24-11 of the Illinois School Code (105 ILCS 5/24-11 (West 2004)), that she was entitled to the protections granted under section 24-11, and that the District's notification that she would not be reemployed was deficient under section 24-11 because it provided no specific reason for her dismissal. In its motion for a summary judgment, the District acknowledged that it had employed Wood for four consecutive years. The District argued that a teacher was required to teach for four consecutive years in order to attain tenure status under section 24-11 and that Wood's failure to teach for four consecutive years precluded her from attaining tenure.

After considering the written memoranda and the oral arguments of the parties, the circuit court granted a summary judgment in favor of Wood and denied the District's motion. The court ordered that the District promptly reinstate Wood as a tenured teacher, and it continued the case for a future hearing on damages. Several months later, the parties stipulated to the damages. The court entered a final order directing the District to pay Wood $58,092.23 in economic damages, to tender the appropriate sums to the Teachers' Retirement System for Wood's account, and to credit accrued sick days and personal days for Wood's

2

use. The District appealed.

The issue is whether the circuit court erred in concluding that a certified teacher, who had been a paid employee in a district for four consecutive school years and who had taken a mutually agreed leave of absence throughout the third year of probationary employment, met the requirements for tenure status under section 24-11 of the School Code. The issue presents a matter of statutory interpretation, which is reviewed *de novo*. *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 421, 781 N.E.2d 249, 254 (2002).

In construing a statute, the primary goal is to determine and give effect to the intent of the legislature. 5 ILCS 70/1 (West 2006); *Land*, 202 Ill. 2d at 421, 781 N.E.2d at 254. If the language of a statute is certain and unambiguous, then the court will enforce the law as enacted without resorting to other aids of construction and "without reading into it exceptions, limitations, or conditions that the legislature did not express." *Land*, 202 Ill. 2d at 426, 781 N.E.2d at 257. If the language is ambiguous, that is, "susceptible to two equally reasonable and conflicting interpretations," it is proper to examine extrinsic sources to ascertain the legislative intent. *Land*, 202 Ill. 2d at 426, 781 N.E.2d at 257.

The teacher tenure law was enacted "primarily for the protection of Illinois teachers who, prior to its enactment in 1941, served at the pleasure of the boards of directors or education." *Donahoo v. Board of Education of School District No. 303*, 413 Ill. 422, 425, 109 N.E.2d 787, 789 (1952); see *Birk v. Board of Education of Flora Community Unit School District No. 35*, 104 Ill. 2d 252, 257, 472 N.E.2d 407, 409 (1984). The objective was to improve the school system by ensuring for teachers of experience and ability a continuous service and a rehiring based on merit and not on partisan politics or capricious reasoning. *Donahoo*, 413 Ill. at 425, 109 N.E.2d at 789. We will now consider the statutory provisions in issue, mindful of the legislative purpose and the principles of statutory construction.

Section 24-11 of the School Code states in pertinent part as follows:

3

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by certified mail, return receipt requested by the employing board at least 45 days before the end of such period; except that for a teacher who is first employed as a full-time teacher by a school district on or after January 1, 1998[,] and who has not before that date already entered upon contractual continued service in that district, the probationary period shall be 4 consecutive school terms before the teacher shall enter upon contractual continued service. ***

Any full-time teacher who is not completing the last year of the probationary period described in the preceding paragraph, or any teacher employed on a full-time basis not later than January 1 of the school term, shall receive written notice from the employing board at least 45 days before the end of any school term whether or not he will be re[]employed for the following school term. If the board fails to give such notice, the employee shall be deemed reemployed, and not later than the close of the then current school term the board shall issue a regular contract to the employee as though the board had reemployed him in the usual manner." 105 ILCS 5/24-11 (West 2004).

In our view, the words in the section above are clear, and the language is not susceptible to more than one reasonable interpretation. This section plainly states that a teacher who is employed in a district as a full-time teacher for four consecutive school terms shall attain contractual continued service unless he or she is given a written notice stating a specific reason for his or her dismissal. 105 ILCS 5/24-11 (West 2004). It does not state or imply that a teacher must teach for four consecutive school terms. When the legislature amended the section in 1998 in order to extend the probationary term from two years to four

4

years, it certainly recognized that there was a possibility that an illness or an injury could prevent a teacher from carrying out teaching duties during this extended term of probation, and it easily could have required probationary teachers to teach for four consecutive years. The legislature did not do so, and we may not read into the section a condition that was not expressed by the legislature.

It is undisputed that Wood was employed in the district as a full-time teacher for four consecutive years. That she was granted a leave of absence from her teaching duties to recover from a serious injury does not change the fact that she was a contractual employee and that she was paid as a full-time teacher for four consecutive years, including the 2003-2004 academic year. That the District rehired Wood as a full-time teacher for the 2004-2005 school year suggests that it held a favorable view of her abilities and her classroom performance. After reviewing the plain language in section 24-11 of the School Code, we conclude that Wood satisfied the statutory prerequisites for tenure and that she was entitled to the protections provided in the teacher tenure law.

Accordingly, the judgment of the circuit court is hereby affirmed.


Affirmed.


GOLDENHERSH and SPOMER, JJ., concur.

NO. 5-07-0563

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| TAMMY WOOD, | ) Appeal from the<br>) Circuit Court of |
| Plaintiff-Appellee, | ) Marion County.<br>) |
| v. | ) No. 06-L-16<br>) |
| NORTH WAMAC SCHOOL | ) |
| DISTRICT NO. 186, | ) Honorable David L. Sauer and<br>) Honorable Patrick J. Hitpas, |
| Defendant-Appellant. | ) Judges, presiding. |

**Opinion Filed**: December 11, 2008

**Justices**: Honorable James K. Donovan, J.

Honorable Richard P. Goldenhersh, J., and
Honorable Stephen L. Spomer, J.,
Concur

**Attorney for Appellant**
Brandon K. Wright, Miller, Tracy, Braun, Funk & Miller, Ltd., 316 S. Charter Street, P.O. Box 80, Monticello, IL 61856

**Attorney for Appellee**
Stephen R. Green, Armstrong & Green, 400 N. Market Street, P.O. Box 1087, Marion, IL 62959