# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*C.E. v. Board of Education of East St. Louis School District No. 189*,
2012 IL App (5th) 110390

| | |
|---|---|
| Appellate Court Caption | C.E. and C.L., by Their Guardian and Next Friend, Geneva Jackson; N.C., by Her Guardian and Next Friend, Deborah Thomas; and C.M., K.M., and A.M., by Their Mother and Next Friend, Cassi Issac, Plaintiffs-Appellants, v. THE BOARD OF EDUCATION OF EAST ST. LOUIS SCHOOL DISTRICT NO. 189 and THERESA SAUNDERS, Superintendent, East St. Louis School District No. 189, in Her Official Capacity, Defendants-Appellees. |
| District & No. | Fifth District<br>Docket No. 5-11-0390 |
| Filed | June 18, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court upheld the trial court's finding that section 29-4 of the School Code requiring school districts to provide transportation to certain children attending charter schools and nonpublic schools does not require districts to provide transportation in excess of what they provide to public school students, and in plaintiffs' case, defendant district was not required to provide plaintiffs with transportation on days when their nonpublic school was in session but public schools were not, since requiring such service would be beyond the legislature's intent that nonpublic school students receive no more in the way of transportation than public school students. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 10-CH-1713; the Hon. Vincent J. Lopinot, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Sheila Shunick Burton and Linda Zazove, both of Land of Lincoln Legal Assistance Foundation, of East St. Louis, for appellants. |
| | Garrett P. Hoerner, of Becker, Paulson, Hoerner & Thompson, P.C., of Belleville, for appellees. |
| Panel | JUSTICE WELCH delivered the judgment of the court, with opinion. Justices Chapman and Spomer concurred in the judgment and opinion. |

**OPINION**

¶ 1    This case of first impression involves the construction of section 29-4 of the School Code, which provides in pertinent part as follows:

"Pupils attending a charter school or nonpublic school. The school board of any school district that provides any school bus or conveyance for transporting pupils to and from the public schools shall afford transportation, without cost, for children who attend a charter school or any school other than a public school, who reside at least 1½ miles from the school attended, and who reside on or along the highway constituting the regular route of such public school bus or conveyance, such transportation to extend from some point on the regular route nearest or most easily accessible to their homes to and from the school attended, or to or from a point on such regular route which is nearest or most easily accessible to the school attended by such children. *** If any such children reside within 1½ miles from the school attended, the school board shall afford such transportation to such children on the same basis as it provides transportation to its own pupils residing within that distance from the school attended.

Nothing herein shall be construed to preclude a school district from operating separate regular bus routes, subject to the limitations of this Section, for the benefit of children who attend a charter school or any school other than a public school where the operation of such routes is safer, more economical and more efficient than if such school district were precluded from operating separate regular bus routes." 105 ILCS 5/29-4 (West 2006).

¶ 2 The plaintiffs, C.E. and C.L., by their guardian and next friend, Geneva Jackson, N.C., by her guardian and next friend, Deborah Thomas, and C.M., K.M., and A.M., by their mother and next friend, Cassi Issac, are elementary school students who reside within the East St. Louis School District No. 189, but who attend a local parochial school, Sister Thea Bowman Catholic School. All of the plaintiffs reside more than 1½ miles from their school and need assistance with transportation to and from school. They filed a complaint in the circuit court of St. Clair County seeking declaratory and injunctive relief against the Board of Education of East St. Louis School District No. 189 and Theresa Saunders, superintendent of the East St. Louis School District No. 189, in her official capacity, for their failure to provide transportation for the plaintiffs to and from school on days when the plaintiffs' school is in session but the public schools are not.

¶ 3 For some time prior to the 2009-10 school year, the defendant school district had provided bus service to students of Sister Thea Bowman Catholic School on all days when that school was in session, even on those days that the public schools were not. However, toward the end of the 2009-10 school year, the Catholic school was informed that the district would only be providing transportation on those days when the public schools were in session. During the 2010-11 school year there were approximately 15 days on which the district did not provide transportation for students of the Catholic school because the public schools were not in session.

¶ 4 Both parties filed cross-motions for summary judgment, and in an order entered August 11, 2011, the circuit court of St. Clair County entered judgment in favor of the defendants, holding that no section of the School Code requires the school district to provide transportation in excess of what it provides for its own students, and that the pertinent sections of the School Code are written "with an eye toward the cost, convenience and efficiency of the District." The court concluded that the cost, convenience, and efficiency of the district would be strained if the court ordered it to provide transportation to students of Sister Thea Bowman Catholic School and that school decided to drastically expand its school year. Accordingly, the court concluded that section 29-4 of the School Code does not require the defendants to provide transportation for students of Sister Thea Bowman Catholic School on days that the public schools are not in session, and that this construction of the statute does not contravene the legislative intent in enacting section 29-4, nor does it endanger the health or safety of the students. The plaintiffs appeal, arguing that the circuit court's construction of the statute is wrong as a matter of law.

¶ 5 Summary judgment is proper where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmoving party, reveal that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *DesPain v. City of Collinsville*, 382 Ill. App. 3d 572, 576-77 (2008). "The interpretation of a statute is a matter of law and is thus appropriate for a summary judgment." *DesPain*, 382 Ill. App. 3d at 577. "Statutory interpretation issues and summary judgment rulings are both reviewed *de novo*." *DesPain*, 382 Ill. App. 3d at 577.

¶ 6 "When interpreting a statute, the primary objective is to ascertain and give effect to the legislative intent, the surest and most reliable indicator of which is the statutory language itself, given its plain and ordinary meaning." (Internal quotation marks omitted.) *DesPain*,

382 Ill. App. 3d at 577. "When determining the plain meaning of a statute's terms, [the] court must consider the statute in its entirety, bearing in mind the subject that it addresses and the apparent intent of the legislature in enacting it." *DesPain*, 382 Ill. App. 3d at 577. "In addition, [t]he statute should be read as a whole and construed so that no part of it is rendered meaningless or superfluous." (Internal quotation marks omitted.) *DesPain*, 382 Ill. App. 3d at 577. "A court should consider each part or section of a legislative act in connection with every other part or section, and not each part alone, in determining the purpose or intent of the legislature." (Internal quotation marks omitted.) *DesPain*, 382 Ill. App. 3d at 577-78.

¶ 7       Where the language of the statute is clear and unambiguous, a court must apply it as written, without resort to extrinsic aids of statutory construction and without reading into it exceptions, limitations, or conditions that the legislature did not express. *Wood v. North Wamac School District No. 186*, 386 Ill. App. 3d 874, 876 (2008). "If the language is ambiguous, that is, susceptible to two equally reasonable and conflicting interpretations, it is proper to examine extrinsic sources to ascertain the legislative intent." (Internal quotation marks omitted.) *Wood*, 386 Ill. App. 3d at 876.

¶ 8       There is no question that the plaintiffs meet the requirements of the statute in terms of their distance from their school and their location on or along the regular route of the public school bus. The only question is whether the district must provide bus service on days when the district schools are not in session but the Catholic school is in session.

¶ 9       The circuit court found that "[t]he statute is not ambiguous in what it requires, but it does not specifically address the issue raised" in the case. Indeed, the statute is silent on the question before us. However, with or without the aid of extrinsic evidence, we agree with the circuit court that the legislative intent is that transportation be provided to nonpublic school students only on the same basis on which it is provided to public school students, and that the purposes of the statute be effected while minimizing cost to the public school district and without interfering with its convenience or efficiency.

¶ 10      This legislative intent is evident in the statute's requirement that nonpublic students who wish to use school district transportation reside on or along the highway constituting the regular route of the school bus. The school buses are not required to "go out of their way" to transport nonpublic school students. This legislative intent is also evident in the statute's permission for school districts to establish a separate route for nonpublic school students, but only if the operation of such routes is safer, more economical, and more efficient for the school district. Finally, this legislative intent is evident in the statute's provision that the school district may transport nonpublic school students who live within 1½ miles of their school only "on the same basis as it provides transportation to its own pupils residing within that distance from the school attended." To require the public school district to transport nonpublic school students even on days when the public schools are not in session is not consistent with this legislative intent.

¶ 11      Turning to extrinsic evidence of the legislative intent, we note that the Illinois State Board of Education has promulgated its rules consistent with our perceived legislative intent, expressly providing for reimbursement eligibility for "[t]ransportation services provided for nonpublic school pupils when pupil transportation services for the nonpublic school pupils

are provided on the same basis as the transportation services for public school pupils as provided in Section 29-4 of the School Code." 23 Ill. Adm. Code 120.30(a)(3) (2012). Legislative history of discussion on the floor of the legislature indicates that the legislature intended to allow school districts to run separate bus routes for nonpublic school students only if it will be less costly for the school district.

¶ 12　　It seems to us that the legislature took care to ensure that nonpublic school students received no more in the way of transportation than do public school students and that the transportation of nonpublic school students not increase the school district's cost or interfere with its convenience or efficiency. Section 29-4 simply allows nonpublic school students to utilize the public school district's existing bus transportation and nothing more. The public school district need not increase its transportation services to accommodate a different, or potentially longer, nonpublic school calender. Such a construction of section 29-4 would be inconsistent with what we perceive to be the intent of the legislature.

¶ 13　　We will not read into the statute a requirement which the legislature did not expressly include, especially one which places such a heavy additional burden on our already burdened public school districts. We are not unsympathetic to the plight of these young plaintiffs who certainly deserve access to quality education. Nor are we unmindful of the failing state of the defendant school district, a fact which was in evidence before the circuit court and no doubt gives rise to the plaintiffs' desires to attend a parochial school. Nevertheless, like the circuit court, our hands are tied and we cannot grant the plaintiffs the relief for which they pray.

¶ 14　　For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby affirmed.

¶ 15　　Affirmed.